## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: KWOK,<br>    *Debtors* | BANKR. NO. 22-50073 (JAM)<br>*Chapter 11* |
| LUC A. DESPINS, CHAPTER 11<br>TRUSTEE,<br>    *Plaintiff*,<br>    v. | ADV. PRO. NO. 24-5282 |
| ACASS USA, INC.,<br>    *Defendant*. | |
| ACASS USA, INC.,<br>    *Appellant*,<br>    v. | CIVIL NO. 3:25-CV-681 (KAD) |
| LUC A. DESPINS, CHAPTER 11<br>TRUSTEE,<br>    *Appellee*. | DECEMBER 17, 2025 |

## MEMORANDUM OF DECISION RE: APPELLANT'S MOTION FOR LEAVE TO APPEAL (ECF NO. 2)

Kari A. Dooley, United States District Judge:

This appeal arises out of an adversary proceeding commenced in the United States Bankruptcy Court in the District of Connecticut by Chapter 11 Trustee Luc. A. Despins (the "Trustee"), appointed in the Chapter 11 case of Ho Wan Kwok (the "Debtor"), against Appellant ACASS USA, Inc. ("ACASS USA"). *Despins v. ACASS USA, Inc.*, No. 24-ap-5282 (hereinafter, the "Adversary Proceeding"). ACASS USA seeks leave to appeal a portion of the Bankruptcy Court's denial of ACASS USA's Motion to Dismiss (the "MTD Order").

ACASS USA filed the instant Motion for Leave to Appeal on April 29, 2025. MLA, ECF No. 2. The Trustee opposes ACASS USA's Motion for Leave to Appeal. *See* Trustee Opp., ECF

No. 19.  ACASS USA filed a reply brief on July 15, 2025.  Reply, ECF No. 22.  For the reasons

set forth below, ACASS USA's Motion for Leave to Appeal is **DENIED**.

**Facts and Procedural Background**

On July 29, 2024, the Trustee filed the instant Adversary Proceeding pursuant to Sections

549 and 550 of the Bankruptcy Code, seeking to avoid the post-petition transfer of the Debtor's

private jet to ACASS USA and recover the value thereof, less the proceeds already recovered

through a separate adversary proceeding.[1]  Although the parties' familiarity with the underlying

bankruptcy proceedings is assumed, the Court summarizes the allegations against ACASS USA

as follows:

ACASS Canada Ltd. is a Canadian entity that provides management and operations

services for privately owned aircraft, including for a Bombardier Global XRS private jet

(hereinafter, the "Bombardier"), which was previously purchased by the Debtor and subsequently

transferred to Debtor-controlled entities nominally owned by the Debtor's personal chef and later,

his daughter.  *See* Complaint, Adv. Proc., ECF No. 1 at ¶¶ 19, 20.  ACASS USA is an affiliate of

ACASS Canada Ltd.  *Id.* at ¶ 20.   In 2022, ACASS Canada Ltd. negotiated the sale of the

Bombardier to ACASS USA.  *See id.* at ¶ 23.  On or about October 19, 2022, pursuant to an

Aircraft Purchase Agreement, the Bombardier was transferred to ACASS USA as the initial

transferee.  *Id.* at ¶ 29.  At the time of the transfer, through its affiliation with ACASS Canada Ltd.,

ACASS USA was aware of the Debtor's Chapter 11 proceedings, and knew that the Trustee was

investigating the Debtor's interest in the Bombardier.  *See id.* at ¶ 31.  The Trustee seeks to avoid

---

[1] In *Despins v. Mei Guo*, No. 23-ap-5008, the Bankruptcy Court, *inter alia*, determined that the Debtor was the beneficial owner of both the Bombardier and its nominal owner, Whitecroft Shore Limited, and that the proceeds from the sale of the Bombardier must be turned over to the Estate.  This Court has previously affirmed Mei Guo's appeal of such determination.  *See In re Kwok*, No. 24-cv-724 (KAD), ECF No. 24.  Presently, an appeal of this Court's decision is pending before the Second Circuit.

the transfer of the Bombardier to ACASS USA and recover approximately $3 million of its sale proceeds, which amounts to the Bombardier's $13.5 million purchase price, minus the approximately $10.2 million of sale proceeds already recovered by the Trustee. *See id.* at ¶¶ 32–33.

On November 12, 2024, ACASS USA filed a Motion to Dismiss the Complaint. *See* ACASS USA MTD, Adv. Proc., ECF No. 12. Therein, ACASS USA asserted four grounds for dismissal of the Complaint: (1) the Trustee had not plausibly pleaded that the Bombardier is property of the Estate; (2) the Cape Town Treaty renders ACASS USA's interest in the Bombardier superior to the Estate's; (3) the Trustee ratified the sale of the Bombardier when he obtained the portion of the sale proceeds in Mei Guo's possession; and (4) the Bankruptcy Court's determination that the Bombardier was beneficially owned by the Debtor and was therefore property of the estate could not be applied retroactively to establish that the Bombardier was property of the Estate at the time of the sale to ACASS USA, which pre-dated the Bankruptcy Court's decision.

On April 14, 2025, the Bankruptcy Court issued the instant MTD Order, denying in part ACASS USA's Motion to Dismiss. MTD Order, Adv. Proc., ECF No. 39. The MTD Order rejected ACASS USA's first, third, and fourth arguments for dismissal, and reserved the second argument for a later hearing and decision. More specifically, the Bankruptcy Court determined that: (a) the Complaint adequately alleged the Debtor's beneficial ownership of the Bombardier as of the petition date; (b) the Trustee did not ratify the post-petition sale of the Bombardier; and (c) ACASS USA's argument that equitable determinations cannot be applied retroactively is overbroad, because there is no such uniform principle of law. *See* MTD Order at 4–5. Notably, as to ACASS USA's fourth argument regarding retroactivity, the Bankruptcy Court indicated that

"[t]his issue is an issue to be determined under applicable law as this adversary proceeding progresses." *Id.* at 5. The Bankruptcy Court reserved with respect to ACASS USA's second argument regarding the Cape Town Treaty, and scheduled a hearing on that issue for May 20, 2025.[2] *See id.*

On April 28, 2025, ACASS USA timely filed the instant Motion for Leave to Appeal, seeking to appeal *only* the Bankruptcy Court's adjudication of the fourth issue regarding retroactivity of its prior determination regarding the Bombardier.

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).[3] "The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003)). The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held[] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted.") (citation omitted). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

---

[2] On May 28, 2025, following the hearing, the Bankruptcy Court rejected ACASS USA's second argument, concluding that, "by the clear text of the [Cape Town Treaty], ACASS [USA] did not take the Bombardier free and clear of the Trustee's unauthorized post-petition transfer claim." *See* MTD Order II, Adv. Proc., ECF No. 51 at 2. ACASS USA has not sought leave to appeal this subsequent decision.

[3] The parties do not dispute that this case presents an appeal of an interlocutory order.

>appeal from the order may materially advance the ultimate termination of the litigation, he
>shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, appellants must establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. 3d at 558 (citation omitted); *see also In re Salvatore*, No. 3:18-CV-1429 (SRU), 2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied if the reversal of the bankruptcy court's order would (1) terminate the action; or (2) materially affect the outcome of the litigation. *See Osuji*, 285 F. Supp. 3d at 558 (citing *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016)). "The question of law must be a pure question that does not require resort to the case docket for study." *In re Salvatore*, 2019 WL 1284815 at *2. The second inquiry is satisfied where there is either conflicting authority on the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*, 285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy court applied the correct legal standard . . . [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore*, 2019 WL 1284815 at *2. The third inquiry "is satisfied when the appeal promises to advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [Section] 1292(b) are met." *Buckskin Realty Inc.*, 552 B.R. at 44.

**Discussion**

ACASS USA contends that the Bankruptcy Court violated fundamental principles of bankruptcy law and due process by erroneously authorizing the Trustee's "post hoc assertion of

equitable ownership to create estate ownership retroactively." MLA at 7. ACASS USA argues that the foregoing presents a purely legal issue, "the resolution of which would either terminate or substantially narrow" the Adversary Proceeding, and that the absence of controlling appellate authority endorsing the Trustee's novel theory demonstrates substantial grounds for difference of opinion. *See id.* at 7, 10. In response, the Trustee contends that the retroactivity issue raised by ACASS USA is inappropriate for interlocutory review because: (1) it is fact-based and turns on an assessment of the pleadings, and is therefore not a controlling issue of law; (2) it runs counter to the plain language of the Bankruptcy Code; and (3) in any event, reversal of the MTD Order would not materially advance the termination of the Adversary Proceeding, insofar as the Trustee would amend the Complaint to allege substantive consolidation in the alternative. *See* Trustee Opp. at 7–9. The Trustee further contends that regardless of the foregoing, the Court should exercise its "unfettered discretion" to deny interlocutory review. *Id.* at 9. The Court agrees with the Trustee that ACASS USA has not met the standard for interlocutory appeal.

Fundamentally, ACASS USA fails to demonstrate that the retroactivity issue it seeks to raise on appeal is a pure, controlling question of law. ACASS USA contends that the Trustee's claim against it "rests on the notion that a beneficial ownership determination made after the alleged sale of the Bombardier can be retroactively applied to treat the aircraft as property of the estate as of the petition date." *See* MLA at 7. This is an accurate assessment of the Trustee's position. And the Trustee's effort to recover a portion of the post-petition sale proceeds rests on this concept. Nevertheless, while ACASS USA argues that the viability of this novel theory of beneficial ownership under applicable bankruptcy law is a pure, controlling issue of law, it does

not support this contention with adequate authority.[4]  Rather, it appears that ACASS USA merely disagrees with the MTD Order.  But ACASS USA's displeasure with the Bankruptcy Court's endorsement of the Trustee's retroactive beneficial ownership theory, *at the pleadings stage*, is not appropriate for interlocutory review.[5]  *See Tarpon Bay Partners LLC v. Zerez Holdings Corp.*, No. 3:17-CV-579 (SRU), 2019 WL 10984250, at *2 (D. Conn. Oct. 29, 2019) (declining interlocutory review premised on the movant's "disappointment with [the court's] interpretation of the record").

Further, resolving the issue would require the Court to examine and assess the pleadings, which renders interlocutory review inappropriate.  It is well-settled that "a question that turns on the . . . assessment of the pleadings, is not a pure question of law suited for interlocutory appeal." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018) (internal quotation marks and citation omitted); *see also In re Salvatore*, 2019 WL 1284815 at *2. Indeed, ACASS USA acknowledges as much in its reply.  *See* Reply at 4 ("the reviewing court

---

[4]  ACASS USA cites a number of cases which stand, generally, for the proposition that the *nunc pro tunc* alteration of property rights is unfair and unwarranted.  The Court agrees that this issue is significant and complex.  But the existence of authority in support of ACASS USA's position is not inconsistent with the Bankruptcy Court's assessment that there is no uniform prohibition on the retroactive application of equitable remedies, and nor does it transform the issue to one purely legal in nature.  *See* MTD Order at 5.  Moreover, the Bankruptcy Court expressly acknowledged that the retroactivity issue was "to be determined under applicable law as this adversary proceeding progresses."  *Id.*  In other words, ACASS USA may yet pursue its equitable arguments in the Adversary Proceeding.  And although ACASS USA is clearly dissatisfied with the brevity of the Bankruptcy Court's analysis on retroactivity, the Court observes, as it has in the past, that ACASS USA may yet prevail on the merits in the Adversary Proceeding, rendering an appeal of the MTD Order and the issues discussed herein wholly unnecessary – for the Trustee, ACASS USA, and the Court.

[5]  Amidst ACASS USA's expansive pursuit of interlocutory review, it bears repeating that in denying ACASS USA's Motion to Dismiss on these grounds, the Bankruptcy Court merely rejected as overbroad the notion that equitable determinations (such as beneficial ownership) could not be applied retroactively, because there is no such uniform principle of law.  *See* MTD Order at 5.

need not consider anything other than the Complaint to answer this question, it is a straightforward question of law as to the adequacy of what the Complaint alleges—and fails to allege.").[6]

Finally, the Trustee has indicated that even if the MTD Order is reversed and the Complaint dismissed in its entirety, on remand, the Trustee would seek to file an amended complaint alternatively alleging substantive consolidation with respect to Whitecroft Shore Limited. Thus, even a successful interlocutory appeal would have the effect of prolonging, not expediting, the litigation.[7] *See In re Cornerstone Homes, Inc.*, No. 17-CV-6115 (FPG), 2017 WL 1370999, at *2 (W.D.N.Y. Apr. 17, 2017) ("[i]n general, challenges to the sufficiency of pleadings are inappropriate for interlocutory review because reversal would simply lead to 'a remand for repleading, with possibilities of further interlocutory appeals thereafter.'") (quoting *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002)); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) ("[t]he Second Circuit regularly denies interlocutory appeals at such preliminary stages where, as here, the appeal could at most lead only to a remand for repleading.").[8]

---

[6] In its Reply, ACASS USA substantially alters the nature of the issue it seeks to appeal and offers, for the first time, an additional argument as to the applicability of Section 549 to the specific facts of this purportedly "arm's length" transfer, and the dissipation of the Bombardier's sale proceeds by Whitecroft Shore Limited (not ACASS USA). *See* Reply at 3–4. It does not appear that this argument was ever advanced in the Bankruptcy Court, let alone decided in the MTD Order. Indeed, ACASS USA's Motion to Dismiss in the Bankruptcy Court only argues that a beneficial ownership determination cannot be applied retroactivity. This Court does not therefore address this alternative basis for seeking either dismissal of the Complaint or interlocutory review of the MTD Order. *See In re IIG Glob. Trade Fin. Fund, Ltd.*, No. 23-CV-4350 (ER), 2024 WL 1134734, at *10 (S.D.N.Y. Mar. 15, 2024) ("[g]enerally, a district court will not address arguments that were not presented to the bankruptcy court.") (citing *Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006)); *In re Salander*, 503 B.R. 559, 569 (S.D.N.Y. 2013) ("issues not raised in bankruptcy court cannot be raised in first instance on appeal.") (citation omitted).

[7] ACASS USA argues that the Trustee would not be able to cure the deficiencies in his Complaint because any amended complaint "would not alter the inequity of invoking an equitable ownership doctrine to impose liability on ACASS USA." *See* Reply at 6. But this is precisely the type of dispute unsuited for resolution on interlocutory appeal. And in any event, the Bankruptcy Court has recognized that ACASS USA may still pursue its equitable claims in the Adversary Proceeding notwithstanding the dispute as to the sufficiency of the pleadings.

[8] The Court does not herein reach the issue of whether substantial grounds for a difference of opinion exist, given: (a) ACASS USA's above-discussed failure to meet the other criteria for certification of an interlocutory appeal; and (b) the Court's "unfettered discretion to deny certification," *see Buckskin Realty Inc.*, 552 B.R. at 44.

**Conclusion**

For the foregoing reasons, ACASS USA's Motion for Leave to Appeal is **DENIED**. The Clerk of Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of December 2025.

_/s/ Kari A. Dooley_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE